IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF MARYLAND

CATINA BLACK

    v.                                  :
                                        CIVIL ACTION NO.: PWG-10-3156
MICHAEL J. ASTRUE,                      :
COMMISSIONER OF SOCIAL
SECURITY                                :


                              **MEMORANDUM**

    Catina Black, (sometimes referred to as "Ms. Black" or "Claimant"), acting *pro-se*, filed this action seeking judicial review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security income ("SSI"). Pending are the parties' Motions for Summary Judgment. (ECF Nos. 16, 17). By consent of the parties, this case was referred to me pursuant to 28 U.S.C. § 636(c) and Local Rule 301. (ECF No. 10). For the reasons that follow, I find that the decision of the Commissioner should be affirmed. No hearing is necessary. Local Rule 105.

                           **I. PROCEDURAL HISTORY**

    Claimant filed her applications for benefits alleging a closed period of disability beginning October 20, 2003, through December 18, 2006, as a result of degenerative disc disease and obesity. (Tr. 106, 135). Her claims were denied initially, and upon reconsideration. (Tr. 87-98). At Claimant's request, a

hearing was held before an Administrative Law Judge ("ALJ") on December 11, 2008, where Ms. Black, who was represented by counsel, appeared and testified. (Tr. 615-639). In a decision dated June 25, 2009, the ALJ found that Claimant was not disabled within the meaning of the Act. (Tr. 17-27). On September 15, 2010, the Appeals Council denied her request for review, thereby adopting the ALJ's decision as the "final decision" of the Commissioner.(Tr. 8-10).

## II. ALJ'S DECISION

The ALJ evaluated Ms. Black's claim for benefits using the sequential processes set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Claimant had not engaged in "substantial gainful activity" since her alleged onset date during the closed period. (Tr. 19). At step two, the ALJ found that Claimant's degenerative disc disease of her lumbar and cervical spine were severe impairments. (Tr. Id.). At step three, the ALJ found that the Claimant did not have an impairment or combination of impairments that met, or equaled in severity, any listed impairment.(Tr. 20-21). The ALJ then found that Claimant retained the residual functional capacity ("RFC") to perform a range of unskilled light work.[3] The ALJ further

---

[3] The ALJ found Claimant could perform simple, routine, low stress, low concentration, low memory, jobs at an SVP of 2 due to pain; she was able to attend to and complete tasks and

found that the Claimant could not perform her past relevant work ("PRW").  After receiving testimony from a vocational expert, ("VE"), the ALJ determined that there was work available in significant numbers in the local and national economies that Ms. Black could perform. Accordingly, the ALJ found that she was not disabled within the meaning of the Act. (Tr. 25).

### III. STANDARD OF REVIEW

The Commissioner's decision must be upheld if supported by substantial evidence, which is more than a scintilla, but less than a preponderance, and sufficient to support a conclusion in a reasonable mind. *See* 42 U.S.C. §405(g) (1998); *see also King v. Califano*, 599 F.2d 597 (4th Cir. 1979); *Teague v. Califano*, 560 F.2d 615 (4th Cir. 1977); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966). This Court may not weigh conflicting evidence, determine credibility, or substitute its judgment for the Commissioner's. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Although deferential, this standard of review does not require acceptance of a determination by the Commissioner

---

complete schedules; she could stand and sit for thirty minutes consistently, on an alternate basis, during an eight-hour day; she had to avoid heights and hazardous machinery; had mild limitations in pushing/pulling in the left upper extremity; and could do no prolonged climbing, balancing, or stooping, defined as no more than once or twice an hour. (Tr. 21).

which applies an improper standard, or misapplies the law. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Following its review, this Court may affirm, modify or reverse the Commissioner, with or without a remand. *See* 42 U.S.C.§405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

## IV. DISCUSSION

The Claimant argues that the ALJ erred by failing to consider the opinions of her treating physicians, and all of her medical records, and failed to consider properly her complaints of pain and the side effects of medications she was taking. The Defendant asserts that the Commissioner's final decision is supported by substantial evidence and should be affirmed. After review of the record and the ALJ's decision, I agree with the Commissioner and affirm the opinion of the ALJ.

Claimant first argues that the ALJ erred by failing adequately to consider the statements of her primary care physician, Doctor Wun, in determining the severity of her physical limitations. A treating physician's opinion is given controlling weight when two conditions are met 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques and 2) it is consistent with other substantial evidence in the record. *See Craig v. Chater,* 76 F.3d 585 (4th

4

Cir. 1996); *see also* 20 CFR §404.1527(d)(2).  While treating source opinions on issues reserved to the Commissioner--such as determining a claimant's RFC--are not entitled to controlling weight, the ALJ still must evaluate all of the evidence in the case record to determine the extent to which the opinion is supported by the record.  In this case, I find the ALJ fulfilled his duty and adequately discussed the opinions of the treating physician, including the Claimant's allegations of disabling pain.

The ALJ noted Dr. Wun's opinions found in the Residual Functional Capacity Questionnaire, including the opinion that Claimant could only "continuously sit for 20 minutes and stand for 10 minutes." (Tr. 24, 394). The ALJ assigned Dr. Wun's opinion little weight however, because it was not supported by the doctor's treatment notes, found at Exhibits 12F and 15F. (Tr. 24, 364-383, 389-391).  In addition Dr. Wun's records state that despite her back and neck pain, in April 2005 Ms. Black reported feeling better.  Furthermore Dr. Christian Jensen examined Ms. Black and found she had a full range of motion and normal mobility of the spine, as well as normal muscle tone and strength.  (Tr. 23, 390, 550).  When viewed in its entirety, as is required, the evidence in the record supports the ALJ's determination to afford less than controlling weight to Dr.

5

Wun's opinions including the opinion that Ms. Black was precluded from even low stress jobs. (Tr. 394).

The ALJ also noted the state agency physicians' opinions that Claimant could perform a full range of light work, however, the ALJ ultimately found that the medical records did not fully support these opinions. The ALJ did determine that the Claimant had greater limitations than those found by the state agency physicians and therefore found that she was restricted to pushing/pulling only occasionally .(Tr. 25).

Claimant also alleges that the ALJ erred in determining the disabling effects of her pain, and failed to consider the pain medications she takes. Review of the ALJ's decision and the entire record, however, undermines this contention. The ALJ recognized his obligation to give consideration to all subjective allegations in accordance with 96-7p.[4] (Tr. 21). The

---

[4] SSR 96-7p, in relevant part, states: in addition to the objective medical evidence when assessing the credibility of an individual's statements: 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms ; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board ); and 7. Any other factors concerning the individuals functional limitations and restrictions due to pain or other symptoms.

ALJ stated he found Claimant's statements regarding her impairments and their impact on her ability to work were credible, but only to the extent consistent with the residual functional capacity assessment. (Tr. 22).  Importantly, the ALJ's analysis did not end there.  Rather, the ALJ stated that his finding was based, among other things, on the Claimant's statements to her own health care providers about her pain levels, and the conservative nature of her treatments, her reported daily activities, and all of the information contained in the documentary reports. (Tr. 21-22, 276, 627).

In addition, the reports of the treating and examining physicians were discussed in the ALJ's decision.  For example, in December, 2005, Ms. Black was examined by a neurologist, Dr. Naeem Ahmad, who noted that Claimant exhibited a normal gait full strength in all her extremities.  Dr. Agha Kahn reported on July 21, 2006 that her neck pain had clinically improved with treatment. (Tr. 23, 480).  The ALJ also noted that Ms. Black started taking flexeril, Tylenol with codeine, and her testimony that her medicines made her feel like a zombie. (Tr. 22).

After carefully reviewing all the medical records, I have determined that the ALJ's findings are substantially supported by the evidence of record.  In sum, the ALJ's finding that the Claimant's statements regarding her pain and it's effect on her

ability to work were not entirely credible is supported by substantial evidence, and is in compliance with SSR 96-7p.

## V. CONCLUSION

Because the ALJ's decision is supported by substantial evidence, the Commissioner's Motion for Summary Judgment will be granted and the Claimant's Motion will be denied. A separate Order will issue.

_____/s/_____
Paul W. Grimm
United States Magistrate Judge

DATED: 9/12/12